# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRANCE E. BLALOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-606-JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his convictions and sentences.

Petitioner pleaded guilty to one count of conspiring to distribute more than 50 grams of cocaine in violation of 21 U.S.C. § 846, and three counts of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). *See United States v. Blalock*, No. 4:01-cr-40017-JPG (S.D. Ill.). Petitioner was sentenced to a total term of 480 months imprisonment, 5 years supervised released, a $400 fine, and a $400 special assessment. *Id.* Petitioner's convictions and sentences were affirmed on direct appeal, *United States v. Blalock,* 321 F.3d 686 (7th Cir. 2003), and Petitioner was denied relief pursuant to 28 U.S.C. § 2255, *Blalock v. United States,* 4:04-cv-4079 (S.D. Ill.). Petitioner was denied a certificate of appealability both by this Court, *Blalock v. United States*, No. 4:04-cv-4079 (S.D. Ill.), and by the Seventh Circuit, *Blalock v. United States*, No. 05-2231 (7th Cir. March 2, 2006).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides

that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner does not argue that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. Even if he did, however, the fact that Petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that he failed to assert a claim that he did not knowingly and voluntarily plead guilty to the charges either in his direct appeal or in his § 2255 action. As a consequence, Petitioner acknowledges that this claim is procedurally barred. In short, Petitioner seeks to use the instant § 2241 action to assert a claim he could have - and should have - raised in his direct appeal and his § 2255. Plaintiff's failure to assert this claim on direct appeal or in his § 2255 action, however, does not make §2255 "ineffective."

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: October 15, 2008.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**